PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Acting United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California 94102-3463
Telephone: (415) 436-6648
mike.underhill@usdoj.gov

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

STEVE O'ROURKE
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2779
steve.o'rourke@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARITIME LOGISTICS, INC., ALAN CARPENTER and TRACY RAGSDALE CARPENTER, *in personam*, and M/V MICHAEL UHL, her engines, apparel, electronics, tackle, aircraft, boats, appurtenances, *etc.*, *in rem*,<br><br>　　　　Defendants. | Civil No. C 07 5172 JSW<br><br>IN ADMIRALTY<br><br>**UNOPPOSED MOTION TO ENTER CONSENT DECREE**<br><br>(No Hearing Date Requested) |

MOTION TO ENTER CONSENT DECREE – No. C07-5172 JSW　　　　　　　　　　　　　　1

The United States hereby moves for entry of the Consent Decree lodged with the Court on October 11, 2007. [Attachment No. 1 to Docket No. 3, the Notice of Lodging of Consent Decree.] All Defendants and their counsel having executed the Consent Decree pursuant to their signatures thereon, no hearing is requested or required.

## I. BACKGROUND

In or about January of 2005, the tug M/V MICHAEL UHL undertook and commenced the tow of P/C ALBION from a port in California. On or about January 31, 2005, P/C ALBION, while under tow by M/V MICHAEL UHL, sank in the waters of the Monterey Bay National Marine Sanctuary ("The Sanctuary"), said waters comprising waters subject to the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*, and also comprising navigable waters of the United States.

On October 9, 2007, the United States filed a Complaint as a result of the foregoing incident. The Complaint asserted liability under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq.*, the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, *et seq.*, including the *in rem* liability provisions of 16 U.S.C. § 1443(a)(2), and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9001, *et seq.*, including the *in rem* liability provisions of 42 U.S.C. § 9607(m), for damages, removal, and response costs against defendants MARITIME LOGISTICS, INC. ("MARITIME LOGISTICS"), and ALAN CARPENTER and TRACY RAGS-DALE CARPENTER ("CARPENTERS"), *in personam*, and M/V MICHAEL UHL, *in rem.*

Simultaneously, the parties lodged with this Court a Consent Decree executed by all the parties, which requires defendants to pay $1,207,064.00 to the United States for disbursement to the United States Coast Guard, National Pollution Funds Center ("NPFC"), Oil Spill Liability Trust Fund ("OSLTF"), plus an additional $392,936.00 to the United States for disbursement to the National Oceanic and Atmospheric Administration ("NOAA"). Notice of the lodging of the Consent Decree and of a 30-day comment period was published in the Federal Register on October 17, 2007,

72 Fed. Reg. 58890 (October 17, 2007).  The United States received no comments on the Decree.

## II.  THE CONSENT DECREE IS FAIR AND REASONABLE

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.' " <u>United States v. Oregon</u>, 913 F.2d 576, 580 (9th Cir.1990) (citation omitted).  Approval of a proposed consent decree is committed to the discretion of the district court. <u>See, id</u>. The district court should enter the decree if it is fair, reasonable, and equitable, and does not violate the law or public policy. <u>See, id.</u>; <u>see also, Sierra Club v. Elec. Controls Design, Inc.</u>, 909 F.2d 1350, 1355 (9th Cir.1990).  Because the court's approval "is nothing more than 'an amalgam of delicate balancing, gross approximations, and rough justice,' " however, "[t]he court need only be satisfied that the decree represents a 'reasonable factual and legal determination.' " 913 F.2d at 581 (citations omitted).  The court's discretion is to be exercised in light of the strong policy favoring voluntary settlement of litigation.  <u>See</u>, <u>Ahern v. Cent. Pac. Freight Lines</u>, 846 F.2d 47, 48 (9th Cir.1988) ("Settlement agreements conserve judicial time and limit expensive litigation.")  The presumption in favor of settlement is particularly strong where a consent decree has been negotiated by a governmental agency specially equipped, trained, or oriented in the field.  <u>See Conservation Law Found. of New England, Inc. v. Franklin</u>, 989 F.2d 54, 58 (1st Cir.1993).

Fairness has procedural and substantive components.  <u>United States v. Cannons Eng'g Corp.</u>, 899 F.2d 79, 86 (1st Cir. 1990).  Procedural fairness relates to the negotiation process, its candor, openness, and bargaining balance.  <u>Id.</u>  The proposed Consent Decree is procedurally fair because it is the product of arms'-length negotiations, which were conducted with the knowledge and approval of all the parties, and all parties were represented by counsel. <u>Id.</u> at 87.

Substantive fairness relates to "concepts of corrective justice and accountability:  a party should bear the cost of the harm for which it is legally responsible." <u>Id.</u> at 87.  The Consent Decree is substantively fair because it requires defendants, as the parties responsible for the incident, to reimburse 100% of the costs incurred by the Coast Guard and NOAA, and pay additional amounts that NOAA can use to restore degraded resources within the Sanctuary or to restore degraded

resources of other national marine sanctuaries. 16 U.S.C. § 1443(d).

Reasonableness and adequacy involve consideration of a number of factors, including the technical adequacy of the compensatory measures; whether the Consent Decree "satisfactorily compensates the public" for the costs of response and restoration measures; and litigation considerations such as the relative strength of the parties' cases. 899 F.2d at 89-90. Because the adequacy of remedies can be an "enormously complex" subject, the court need not assess whether the government made the best possible settlement, and "the agency cannot realistically be held to a standard of mathematical precision. If the figures relied upon derive in a sensible way from a plausible interpretation of the record, the court should normally defer to the agency's expertise." Id. at 90. In this case, the settlement amount covers the costs that the United States has already incurred, so is reasonable.

### III. CONCLUSION

The lodged Consent Decree is fair, adequate, and reasonable. The public has been afforded an opportunity to comment, and no comments were received. As set out in the lodged Consent Decree, all parties consented to its entry. It therefore should be entered by this Court.

Date: November 20, 2007.

PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Acting United States Attorney

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL
Attorney In Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice

ELLEN M MAHAN
Deputy Section Chief
Environmental Enforcement Section
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

//
//

1 | STEVEN O'ROURKE
2 | Senior Attorney
  | Environmental Enforcement Section
3 | Environment and Natural Resources Division
  | U.S. Department of Justice
4 | Attorneys for Plaintiff
  | United States of America