PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Acting United States Attorney
R. MICHAEL UNDERHILL (State Bar No. 104986)
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, California  94102-3463
Telephone: (415) 436-6648, (415) 436-6646
mike.underhill@usdoj.gov

ELLEN M. MAHAN
Deputy Section Chief
STEVE O'ROURKE
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2779
steve.o'rourke@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. C 07-5172 JSW |
| Plaintiff, | ) | IN ADMIRALTY |
| v. | ) | |
| MARITIME LOGISTICS, INC., ALAN CARPENTER and TRACY RAGSDALE CARPENTER, *in personam*, and M/V MICHAEL UHL, her engines, apparel, electronics, tackle, boats, appurtenances, *etc.*, *in rem*, | ) ) ) ) ) | CONSENT DECREE |
| Defendants. | ) ) | |

CONSENT DECREE – No. C 07-5172 JSW

1

1  JOSEPH A. WALSH II
   Keesal, Young & Logan
2  400 Oceangate
   P.O. Box 1730
3  Long Beach, CA 90801-1730
   Tel: 562-436-2000
4  Fax: 436-7416
   joe.walsh@kyl.com
5

6  MARILYN RAIA
   Bullivant Houser Bailey, PC
7  601 California St, Fl 18
   San Francisco CA 94108-2823
8  Tel: 415-352-2700
   Fax: 415-352-2701
9  marilyn.raia@bullivant.com

10  Attorneys for Defendants MARITIME LOGISTICS, INC. , *in personam*,
    and M/V MICHAEL UHL, *in rem*

11

12

13  ALAN NAKAZAWA
    Cogswell Nakazawa & Chang
14  444 Ocean Blvd., Suite 1250
    Long Beach, CA 90802-4449
15  Tel: 562-951-8668
    Fax: 562-951-3933
16  alan.nakazawa@cnc-law.com

17

18  ROBERT J. WOLFE
    Engstrom, Lipscomb & Lack
    10100 Santa Monica Blvd., 16th Floor
19  Los Angeles, CA 90067
    Tel: 310-552-3800
20  Fax: 310-552-9434
    bwolfe@elllaw.com

21

22  Attorneys for Defendants ALAN CARPENTER and
    TRACY RAGSDALE CARPENTER, *in personam*

23

24  //

25  //

26  //

27  //

28  CONSENT DECREE – No. C 07-5172 JSW                                    2

# I. <u>PARTIES</u>

This Consent Decree is made and entered into by and between Plaintiff, the United States of America, on behalf of the United States Coast Guard, National Pollution Funds Center, Oil Spill Liability Trust Fund ("OSLTF"), and the National Oceanic and Atmospheric Administration ("NOAA"); defendant MARITIME LOGISTICS, INC., *in personam*, owner of M/V MICHAEL UHL; defendant M/V MICHAEL UHL, *in rem;* and defendants ALAN CARPENTER and TRACY RAGSDALE CARPENTER, *in personam,* owners of P/C ALBION.

# II. <u>INTRODUCTION</u>

A.      In or about January of 2005, the towboat M/V MICHAEL UHL undertook and commenced the tow of P/C ALBION from a port in California.

B.      At all relevant times, defendant MARITIME LOGISTICS, INC., was the owner of defendant M/V MICHAEL UHL, and defendants ALAN CARPENTER and TRACY RAGSDALE CARPENTER were owners of P/C ALBION.

C.      On or about January 30/31, 2005, P/C ALBION, while under tow by M/V MICHAEL UHL, sank in the waters of the Monterey Bay National Marine Sanctuary ("The Sanctuary"), said waters comprising waters subject to the National Marine Sanctuaries Act ("NMSA") (formerly the Marine Protection, Research, and Sanctuaries Act), 16 U.S.C. §§ 1431-45, and also comprising navigable waters of the United States.  The January 30/31, 2005 sinking of P/C ALBION is hereinafter known as the "Incident."

D.      Plaintiff alleges that the Incident posed a substantial threat of discharge of oil and the actual discharge of oil into and upon the navigable waters of the United States, and caused the destruction of and/or caused the loss of and/or caused injury to the Sanctuary and its resources, and posed a potential substantial threat of the release of a hazardous substance into navigable waters of the United States.  Plaintiff alleges that the Incident resulted in, *inter alia*, Response Costs and Damages as defined in the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq*., the NMSA, and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9001, *et seq*.

CONSENT DECREE – No. C 07-5172 JSW                                                   3

E.     Pursuant to OPA, 33 U.S.C. § 2701, *et seq.*, OPA Responsible Parties concerning, *inter alia*, vessels from which oil is discharged, or which pose the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, are strictly liable for all Response costs and damages specified in OPA.

F.     Pursuant to the NMSA, 16 U.S.C. §§ 1431-45, any person who destroys, causes the loss of, or injures any sanctuary resources is liable to the United States for Response Costs and Damages and injunctive relief.

G.     Pursuant to CERCLA, 42 U.S.C. §§ 9001, *et seq.*, CERCLA Responsible Parties concerning, *inter alia*, vessels from which hazardous substances are discharged, or which pose the substantial threat of discharge of hazardous substances, into the environment and/or navigable waters of the United States, are strictly liable for all Response Costs and Damages specified in CERCLA.

H.     Concurrent with the lodging of this Consent Decree, the United States is filing a complaint seeking Damages and Response Costs that were and may in the future be caused by the Incident, and seeking injunctive relief.

I.     NOAA has determined that the removal of the remaining portions of the hull and equipment of the P/C ALBION may not be feasible.  Determination of the feasibility of removal and assessment of injuries and associated restoration planning are ongoing.

J.     Pursuant to this Consent Decree, defendants collectively will pay to the United States the sum of $1,600,000.00, as more specifically set out below, to address the claims of the United States resulting from the Incident.

K.     The Parties, without the necessity of trial or adjudication of any issues of fact or law and without any admission of liability by Defendants agree, and the Court finds, that this Consent Decree is fair, reasonable, and in the public interest.

//

//

Now, therefore, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section III, below, and with the consent of the Parties,

IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

### III.  JURISDICTION AND VENUE

1.    The United States is authorized to bring suit and the Court has jurisdiction pursuant to 28 U.S.C. § 1345, 33 U.S.C. §§ 1321 and 2717, 42 U.S.C. §§ 9613(b) and 9613(e), and 16 U.S.C. §§ 1437 and 1443.

2.    Venue is properly in this Court pursuant to 28 U.S.C. §§ 1391 and 1395, 33 U.S.C. § 2717, 42 U.S.C. § 9613(b), and 16 U.S.C. § 1443.

### IV.  APPLICABILITY

3.    The obligations of this Consent Decree apply to and are binding upon Plaintiff and upon Defendants, and each of them, and any of Defendants' successors, assigns, subrogees, subrogors, insurers, or other entities or persons otherwise bound by law.

### V. DEFINITIONS

4.    Unless otherwise specified, terms used in this Consent Decree shall have the meaning assigned to them in the NMSA, OPA, and CERCLA, as applicable.  Whenever the following terms are used in this Consent Decree, the definitions specified hereinafter shall apply:

a.    "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9001, *et seq*.;

b.    "Consent Decree" means this Decree herein;

c.    "CWA" means the Clean Water Act, 33 U.S.C. §§ 1251, *et seq*.;

d.    "Damages" means any damages recoverable by the United States for injury to, destruction of, loss of, loss of use of, or impairment of natural resources as a result of the Incident, including, but not limited to:  (i) the costs of assessing such injury, destruction, or loss or impairment arising from or relating to the Incident; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) the costs of planning

CONSENT DECREE – No. C 07-5172 JSW                                                                    5

1  such restoration activities; and (iv) compensation for injury, destruction, loss, loss of use, or

2  impairment of natural resources.

3      e.      "Defendants" means MARITIME LOGISTICS, INC., *in personam*, M/V MICHAEL

4  UHL, *in rem,* and ALAN CARPENTER and TRACY RAGSDALE CARPENTER, *in personam;*

5      f.      "Entry of the Consent Decree" or "Entry" shall occur on the date when this Decree,

6  after signing by the Judge, is entered in the civil docket under Rule 79(a) of the Federal Rules of

7  Civil Procedure;

8      g.      "Incident" or "Release Incident" mean the January 30/31, 2005, sinking of P/C

9  ALBION in the waters of the Monterey Bay National Marine Sanctuary while under tow by M/V

10  MICHAEL UHL, through and including August 15, 2006, said latter date being the date that the

11  United States, by and through its representatives and/or response contractors, succeeded in removing

12  portions of P/C ALBION from the seafloor.

13      h.      "NMSA" means the National Marine Sanctuaries Act, 16 U.S.C. §§ 1431, *et seq.*;

14      i.      "OPA" means the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*;

15      j.      "Paragraph" shall mean a portion of this Decree identified by an arabic numeral;

16      k.      "Parties" means the UNITED STATES, MARITIME LOGISTICS, INC., *in*

17  *personam*, M/V MICHAEL UHL, *in rem,* and ALAN CARPENTER and TRACY RAGSDALE

18  CARPENTER, *in personam;*

19      l.      "Plaintiff" or "United States" shall mean the United States of America, including its

20  departments, agencies and instrumentalities, including, but not limited to, the Coast Guard, NOAA

21  and the OSLTF;

22      m.      "Response Costs" shall have the meanings ascribed to them, as applicable, pursuant

23  to Sections 1001(5), 1001(31) and 1002 (b) of OPA, 33 U.S.C. §§ 2701(5), 2701(31) and 2702(b);

24  sections 101(6), 101(23), 101(25), and 107(a) of CERCLA, 42 U.S.C. §§ 9001(6), 9601(23),

25  9601(25), and 9607(a); and sections  sections 302(6), 302(7), and 312 of the NMSA, 16 U.S.C. §§

26  1432(6), 1432(7), and 1443;

27

28  CONSENT DECREE – No. C 07-5172 JSW                                    6

n.    "Section" shall mean a portion of this Decree identified by a roman numeral;

o.    "The Defendants' Private Action" means that lawsuit filed by ALAN CARPENTER and TRACY RAGSDALE CARPENTER against MARITIME LOGISTICS, INC., the M/V MICHAEL UHL, *in rem, et al.*, Civil No. 07-cv-0166 DMS (POR), S.D. Cal., and any related counter or cross actions arising between the said Defendants which relate to or arise out of the Incident or towage of the P/C ALBION ("The Defendants' Private Action).

## VI.    **SETTLEMENT PAYMENTS**

5.    Within thirty (30) days after Entry of the Consent Decree, Defendants collectively shall pay Plaintiff the total settlement sum of $1,600,000 (One Million, Six Hundred-Thousand Dollars and Zero Cents), said total to be paid in accordance with the separate payments specified in the immediately following sub-paragraphs:

(a) The sum of One Million, Two Hundred and Seven Thousand, and Sixty-Four Dollars and Zero Cents ($1,207,064.00) shall be transferred via Electronic Funds Transfers (EFTs) through the United States Department of Justice for disbursement to the OSLTF (FPN Number A05015) according to instructions to be obtained by defendants from the Dept. Of Justice, Torts Branch, Civil Division.  A copy of the paperwork documenting the EFTs, and any accompanying correspondence shall reference DOJ # 62-392 and shall be sent to:

> R. Michael Underhill
> Attorney in Charge, West Coast Office
> Torts Branch, Civil Division
> U.S. Department of Justice
> 7th Floor Federal Bldg., Room 7-5395
> P.O. Box 36028
> 450 Golden Gate Avenue
> San Francisco, California  94102-3463
> Fax: 415-436-6632

(b)    The sum of Three Hundred and Ninety-Two Thousand, and Nine Hundred-Thirty-Six Dollars and Zero Cents ($392,936.00) shall be transferred via Electronic Funds Transfers (EFTs) through the United States Department of Justice for disbursement to the NOAA Natural Resource Damage Assessment and Restoration Fund, Account Number 13x4316, Project Code 13140001,

CONSENT DECREE – No. C 07-5172 JSW                                            7

according to instructions to be obtained by defendants from the Office of the U.S. Attorney, Northern District of California, Financial Litigation Unit.   The addenda record of that payment shall be annotated "P/C ALBION".  A copy of the paperwork documenting the EFTs, and any accompanying correspondence shall reference DOJ # 90-5-1-1-09113 and shall be sent to:

> Chief, Environmental Enforcement Section
> Attn: Steve O'Rourke
> United States Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044
> Fax: 202-514-4180
>
> Lisa Symons
> Damage Assessment and Resource Protection Coordinator
> National Marine Sanctuary Program
> 1305 East-West Hwy., SSMC #4, #11606
> Silver Spring, MD 20910
> Fax: 301-713-4306
>
> Kurt Zimmerman
> U.S. Dept. of Commerce
> National Oceanic and Atmospheric Administration Office of the General Counsel
> 501 W. Ocean Blvd.
> Suite 4470
> Long Beach, CA 90802
> Fax: 562-980-4065

6.    In the event that the Defendants fail to make any of the payments referred to in paragraph 5 on time, compound interest shall be assessed on such unpaid payment(s) at the annual rate established pursuant to 31 U.S.C. § 3717 for each day that the payment is late.

7.    Any stipulated penalty owing to the United States shall be paid by EFT in accordance with instructions to be provided by the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of California, or by certified or cashier's check in the amount due, payable to the "U.S. Department of Justice," referencing DOJ No. 90-5-1-1-09113, and delivered to the office of the United States Attorney, Financial Litigation Unit, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.   Payment of stipulated penalties shall be accompanied by transmittal correspondence stating that any such payment is for late payment of amount(s) due under this Decree and shall reference DOJ No. 90-5-1-1-09113 and the case name and number.

CONSENT DECREE – No. C 07-5172 JSW                                                          8

8.      Defendants shall not deduct any stipulated penalty paid under this Section in calculating their federal income taxes.

9.      In the event that Defendants fail to make the payment referred to in paragraph 5(b) on time, and in addition to any interest accrued thereon pursuant to Paragraph 6, Defendants shall pay a stipulated penalty of $1,000 per day of non-payment.

## VII.  **EFFECT OF SETTLEMENT**

10.     In consideration of the payments that will be made by Defendants pursuant to this Consent Decree, and effective solely upon Defendants' performance of their payment obligations as set forth in Section VI of this Decree, the United States covenants not to sue and agrees not to assert any civil claims or causes of action against the Defendants pertaining to the Incident for Damages, Response Costs, injunctive relief, and/or penalties pursuant to:  the NMSA, 16 U.S.C. § 1443(a)(1) and (a)(2), and 16 U.S.C. § 1437(c) and (d); the CWA, 33 U.S.C. §§ 1251, *et seq.,* including sections 33 U.S.C. §1321(b)(6) and (7), as amended by OPA; 33 U.S.C. §§ 1901-12 (Act to Prevent Pollution from Ships); the International Convention for the Prevention of Pollution from Ships of 1973 (MARPOL); and/or the Protocol of 1978 Relating to the International Convention for the Prevention of Pollution from Ships (MARPOL Protocol); CERCLA, 42 U.S.C. § 9601, *et seq.*; the Rivers and Harbors Act of 1899, 33 U.S.C. § 406, *et seq.*, and the general maritime law.

11.     The United States reserves, and this Consent Decree is without prejudice to, all rights against the Defendants with respect to all matters not expressly included within Paragraph 10. Notwithstanding any other provisions of this Consent Decree, the United States reserves all rights against the Settling Defendants with respect to:

a.      Claims based on a failure by the Settling Defendants to meet a requirement of this Consent Decree;

b.      Liability for any other costs incurred or to be incurred by the United States that are not within the definition of Damages;

c.      Liability for Damages arising out of releases or threatened releases of hazardous substances other than during the Release Incident;

CONSENT DECREE – No. C 07-5172 JSW                                                9

d.    Liability arising from any disposal of hazardous substances by the Settling Defendants after the lodging of this Consent Decree; and

e.    Criminal liability.

12.    Special Reservations.  Notwithstanding any other provision of this Consent Decree, the United States reserves the right to institute proceedings against the Defendants in this action or in a new action seeking recovery of Response Costs, Damages, or injunctive relief based on:  (i) conditions caused by the Incident, unknown to Plaintiff as of the date of lodging of this Consent Decree; or (ii) information received by Plaintiff after the date of lodging of this Consent Decree, and such conditions or information indicate that the Incident has resulted in injury to, destruction of, or loss of Natural Resources of a type or future persistence that was unknown to Plaintiff as of the date of lodging of this Consent Decree, or that these previously unknown conditions or new information indicate that the Response Actions taken to date are not protective of human health or the environment.

13.    Effective upon Entry of the Consent Decree, Defendants, and each of them, and any of Defendants' successors, assigns, subrogees, and subrogors hereby covenant not to sue and agree not to assert any claims or causes of action of any nature or kind against the United States with respect to any and all claims or causes of action arising out of, relating to, or pertaining to this Decree or to the Incident, including, but not limited to, claims or causes of action arising out of, relating to, or pertaining to the Defendants' Private Action, and any claims against the Hazardous Substance Superfund established under CERCLA or the Oil Liability Trust Fund established under OPA, and any claims for contribution under CERCLA or OPA.

14.    This Decree does not limit or affect the rights of Plaintiff or Defendants against any third parties, not party to this Decree, nor does it limit the rights of third parties, not party to this Decree, against Defendants, nor does it limit the rights of the Defendants amongst themselves.

15.    This Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Decree.

16.    ALAN CARPENTER and TRACY RAGSDALE CARPENTER have filed an action

1  against MARITIME LOGISTICS, INC. ("The Defendants' Private Action"), and MARITIME

2  LOGISTICS, INC., has counterclaimed against ALAN CARPENTER and TRACY RAGSDALE

3  CARPENTER in The Defendants' Private Action, said action pertaining to claims by and between

4  the parties in The Defendants' Private Action with respect to, *inter alia*, the towage and sinking of

5  P/C ALBION and the Incident.  This Decree shall not be construed as, or utilized as, any express or

6  implied admission of liability, responsibility, collateral estoppel, or *res judicata* by any of the parties

7  in The Defendants' Private Action *vis-a-vis* each other with respect to any and all claims and causes

8  of action that are or potentially could be asserted by and between the said parties in any claim, suit

9  or *fora*, including, but not limited to, in The Defendants' Private Action, said parties in The

10  Defendants' Private Action each expressly denying any and all liability *vis-a-vis* each other.

## VIII.  COSTS

11

12        17.  Plaintiff shall be entitled to collect the costs (including reasonable attorneys' fees)

13  incurred in any action necessary to collect any portion of the amounts due under Section VI or any

14  stipulated penalty due but not paid under Section VI, above.

15        18.  Subject to Paragraph 17, each Party shall bear its own attorneys fees and costs in this

16  action.

## IX.  NOTICES

17

18        19.  Unless otherwise specified herein, whenever notifications, submissions, or

19  communications are required by this Consent Decree, they shall be made in writing and addressed

20  as follows:

21      To the United States:

22  R. Michael Underhill
    Attorney in Charge, West Coast Office

23  Torts Branch, Civil Division
    U.S. Department of Justice

24  7th Floor Federal Bldg., Room 7-5395
    P.O. Box 36028

25  450 Golden Gate Avenue
    San Francisco, California  94102-3463

26  Fax: 415-436-6632

27  Chief, Environmental Enforcement Section

28  CONSENT DECREE – No. C 07-5172 JSW                                11

Attn: Steve O'Rourke
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Fax: 202-514-4180

Lisa Symons
Damage Assessment and Resource Protection Coordinator
National Marine Sanctuary Program
1305 East-West Hwy., SSMC #4, #11606
Silver Spring, MD 20910
Fax: 301-713-4306

Kurt Zimmerman
U.S. Dept. of Commerce
National Oceanic and Atmospheric Administration Office of the General Counsel
501 W. Ocean Blvd.
Suite 4470
Long Beach, CA 90802
Fax: 562-980-4065

To Defendants:

JOSEPH A. WALSH II
Keesal, Young & Logan
400 Oceangate
P.O. Box 1730
Long Beach, CA 90801-1730
Fax: 436-7416

MARILYN RAIA
Bullivant Houser Bailey, PC
601 California St, Fl 18
San Francisco CA 94108-2823
Fax: 415-352-2701

Attorneys for Defendants MARITIME LOGISTICS, INC. , *in personam*,
and M/V MICHAEL UHL, *in rem*


ALAN NAKAZAWA
Cogswell Nakazawa & Chang
444 Ocean Blvd. Suite 1250
Long Beach, CA 90802-4449
Fax: 562-951-3933

ROBERT J. WOLFE
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067
Fax: 310-552-9434

Attorneys for Defendants ALAN CARPENTER and
TRACY RAGSDALE CARPENTER, *in personam*

CONSENT DECREE – No. C 07-5172 JSW                                    12

20.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

21.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Decree or by mutual agreement of the Parties in writing.

## X. **EFFECTIVE DATE**

22.     The Effective Date of this Decree shall be the date of the Entry of this Decree by the Court.

## XI. **RETENTION OF JURISDICTION**

23.     The Court shall retain jurisdiction over this case until termination of this Decree, for the purpose of effectuating or enforcing compliance with the terms of this Decree.

## XII. **MODIFICATION**

24.     The terms of this Decree may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.

## XIII. **PUBLIC  PARTICIPATION**

25.     This Decree shall be lodged with this Court for a period of not less than thirty (30) days to allow the opportunity for public notice and comment.  The Plaintiffs reserve the right to withdraw from or withhold their consent to this Decree if the comments from the public regarding the Decree disclose facts or considerations indicating that the Decree is inappropriate, improper, or inadequate.  Defendants consent to Entry of this Decree without further notice.

26.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV. **SIGNATORIES/ SERVICE**

27.     Each undersigned representative of Defendants, together with the Dept. Of Justice, Torts Branch, Civil Division, and the Environment and Natural Resources Divisions of the Department of Justice, certifies that he or she is fully authorized to enter into the terms and

conditions of this Decree and to execute and legally bind the Party or Parties he or she represents to this document.

28.    This Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

29.    Defendants agree not to oppose the Entry of this Decree by the Court or to challenge any provision of the Decree, unless the consent of Plaintiff has been withdrawn or withheld under the circumstances set forth in Paragraph 25 above, or Plaintiff has notified Defendants in writing that Plaintiff no longer supports or agrees to the Entry of this Decree.

30.    Should Plaintiff, after Entry of this Decree, commence an action in this Court or any other court of competent jurisdiction to enforce any of the terms of this Decree, then, with respect to such action and only with respect to such action, Defendants agree to accept service of process by mail of such action and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XV.  **INTEGRATION**

31.    This Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

//
//
//
//
//
//

CONSENT DECREE – No. C 07-5172 JSW                                    14

## XIX.  **FINAL JUDGMENT**

32.    Upon approval and Entry of this Decree by the Court, this Decree shall constitute a final judgment of the Court, in accordance with Rules 54 and 58 of the Federal Rules of Civil Procedure, as among the Parties.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: November 26, 2007_____.

_____
UNITED STATES DISTRICT JUDGE

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

CONSENT DECREE – No. C 07-5172 JSW                                                        15

1    THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United</u>

2 <u>States of America v. Maritime Logistics, Inc., et al.</u>:

3                               FOR THE UNITED STATES OF AMERICA:

4
                                PETER KEISLER
5                               Assistant Attorney General
                                SCOTT N. SCHOOLS
6                               Acting United States Attorney
                                Northern District of California
7

8   Date: ___8/18/07___       _____
                                R. MICHAEL UNDERHILL (State Bar No. 104986)
9                               Attorney in Charge, West Coast Office
                                Torts Branch, Civil Division
10                              U.S. Department of Justice
                                7th Floor Federal Bldg., Room 7-5395
11                              P.O. Box 36028, 450 Golden Gate Avenue
                                San Francisco, California 94102-3463
12
                                Attorneys for the United States
13

14  //
    //
15  //
    //
16  //
    //
17  //
    //
18  //
    //
19  //
    //
20  //
    //
21  //
    //
22  //
    //
23  //
    //
24  //
    //
25  //
    //
26  //
    //
27

28  CONSENT DECREE                                                    16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States of America v. Maritime Logistics, Inc., et al.</u>:

Date: _____

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.

Date: 8/17/07

STEVE O'ROURKE
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.

Attorneys for the United States

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

CONSENT DECREE                                                                 17

1    THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United</u>

2   <u>States of America v. Maritime Logistics, Inc., et al.</u>:

3

4                                    For Defendants MARITIME LOGISTICS, INC., *in*
                                     *personam*, and M/V MICHAEL UHL, *in rem*
5

6                                    By: _____
7                                        FRANK LOVING
                                         President, Maritime Logistics, Inc.
8

9

10  Approved as to form:

11

12                                   KEESAL, YOUNG & LOGAN

13                                   By: _____
14                                       JOSEPH A. WALSH II

15

16                                   BULLIVANT HOUSER BAILEY, PC

17

18                                   By: _____
19                                       MARILYN RAIA

20                                        Norman Ronneberg

21

22

23

24

25

26

27                                                                          18

28  CONSENT DECREE

1   THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United

2   States of America v. Maritime Logistics, Inc., et al.:

3

4                          For Defendant ALAN CARPENTER, *in personam*

5

6                          By: _____

7                               ALAN CARPENTER

8

9                          For Defendant TRACY RAGSDALE CARPENTER,
                            *in personam*

10

11                         By: _____

12                              TRACY RAGSDALE CARPENTER

13

14  Approved as to form:

15                         COGSWELL NAKAZAWA & CHANG

16

17                         By: _____

18                              ALAN NAKAZAWA

19

20                         ENGSTROM, LIPSCOMB & LACK

21

22                         By: _____

23  //                          ROBERT J. WOLFE

24  //

25  //

26  //

27  //

28  CONSENT DECREE                                         19

1    THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United</u>

2   <u>States of America v. Maritime Logistics, Inc., et al.</u>:

3

4                                      For Defendant ALAN CARPENTER, *in personam*

5

6                                      By: _____

7                                          ALAN CARPENTER

8

9                                      For Defendant TRACY RAGSDALE CARPENTER,
                                       *in personam*

10

11                                     By: _____

12                                         TRACY RAGSDALE CARPENTER

13

14  Approved as to form:

15                                     COGSWELL NAKAZAWA & CHANG

16

17                                     By: _____

18                                         ALAN NAKAZAWA

19                                     ENGSTROM, LIPSCOMB & LACK

20

21                                     By: _____

22                                         ROBERT J. WOLFE

23  //
24  //
25  //
26  //
27  //

28  CONSENT DECREE                                                    19